BOARDMAN, Acting Chief Judge.
Appellant/defendant appeals an adverse summary final judgment entered in favor of appellee/plaintiff, Robert Redden. Redden instituted suit by filing a complaint in which he alleged that Michael B. Rud-derham, a boat broker, doing business as Harbor Yacht Sales, Inc. (who is not a party to this appeal) employed Redden. Redden had procured the sale of certain listed boats in 1973, earning a commission in the amount of $3,960, which sum was demanded of Rudderham, but refused. Appellant, Ohio Casualty Insurance Company, was joined as a defendant based on its issuance of a surety bond to Rudder-ham. Appellee alleged that under this bond appellant agreed to pay on behalf of Rudderham all sums which he should become legally obligated to pay as damages resulting from Rudderham’s operations as a licensed boat broker; and, further, that his claim comes within the purview of the surety bond issued in accordance with Chapter 537, Florida Statutes.
On September 12, 1974, after hearing, appellant’s motion to dismiss was denied. Appellee filed a motion for summary judgment against appellant that same day. Final default judgment had been entered against Rudderham for his failure to file his answer or any other paper. Subsequently, appellant filed its answer to the complaint admitting the issuance of the surety bond, but denying the allegation that coverage was provided thereunder for the plaintiff’s claim. Following a hearing, the court entered its order granting summary final judgment in favor of appellee. This timely appeal followed.
The sole issue for our consideration is whether a salesman’s claim for unpaid commission against his employer, a yacht and ship broker, is within the purview of *601 the surety bond pursuant to Chapter 537, Florida Statutes.
Section 537.04(10), Florida Statutes, provides in pertinent part:
Any person claiming to be injured by the fraud, deceit or wilful negligence of any broker, . . . may bring an action upon the bonds deposited with the division against both the principals and the surety in any court of competent jurisdiction to recover the damage caused by such fraud, deceit, wilful negligence or failure to comply with the provisions of this chapter. In the event that any broker fails to pay any sum owed to any creditors arising out of any transaction in which such broker acted in his capacity as a broker, the division shall call and hold a hearing to determine the names of all such creditors to determine the amounts due and owing to them and to each of them . . . Each creditor claiming that a sum is owed to him shall file with the division at the hearing a verified statement of his claim. .
The Legislature, by enactment of said section, intended to allow parties dealing with a broker to recover damages for fraud, deceit, wilful negligence or failure to comply with provisions of this chapter. Appellee’s cause of action is for unpaid commission for services rendered his employer. It does not allege any of the four above-enumerated statutory grounds upon which an aggrieved party may bring an action upon the bond. Further, we cannot agree with the contention of appellee that the Legislature intended to include in the term, “[a]ny person,” a salesman claiming that he is due and owing unpaid compensation from a broker. We submit that a reading of the above-quoted section shows that the term, “[a]ny person,” as used in said statute, connotes a business relation between the customer/buyer and broker, and not an employee/employer relationship. We think this is a logical interpretation of the intent of the Legislature and consistent with the language contained in the statute.
Appellee, Redden, further contends that he stands in the position of a creditor and, therefore, should be allowed to recover from the surety. The record shows, however, that he failed to comply with the provisions of Section 537.04(10), Florida Statutes, by not notifying the Division of General Regulation of the Department of Business Regulation (Division) of his claim in order that a hearing could be held before the Division to determine the validity of his claim. This contention must fall for the reason that appellee did not follow the statutory procedure provided in such cases.
The filing of the bond under consideration was a prerequisite to obtaining a license by Rudderham to act as a yacht and ship broker. It was a form bond supplied by the Division. The coverage afforded under the subject bond is limited to its terms and conditions and does not, as contended by appellee, extend the liability of the surety beyond that contemplated by Chapter 537, Florida Statutes.
Finding that no ambiguity exists in the statutory language of Section 537.04(8), Florida Statutes, requiring the posting of a bond, or in Section 537.04(10), Florida Statutes, designating the persons who are authorized to sue on the bond, we reverse and remand for entry of judgment in favor of appellant.
Reversed and remanded.
GRIMES and SCHEB, JJ., concur.